BELLOWS *v.* B., C. & M. RAILROAD.

A mortgagee of land, who has entered and taken actual possession under his mortgage, may maintain trespass for an injury done to the freehold while the mortgageor was in possession; and it is no defence that the acts causing such injury to the freehold were done by license from the mortgageor, given subsequent to the execution of the mortgage.

TRESPASS, *qu. cl.*, for breaking and entering the plaintiff's close in Dalton, known as the Ewen farm, on the ninth day of May, 1870, and on divers days between that time and the date of the writ, and building their railroad across the farm, and carrying away sand and gravel, etc.   Writ dated May 8, 1876.

*Ray, Drew & Jordan* and *Ladd,* for the defendants.

The release and license of the mortgageor in possession furnishes a legal justification of the defendants' acts in entering upon the premises and constructing their road.   *Gurnsey* v. *Edwards,* 26 N. H. 224; *Parish* v. *Gilmanton,* 11 N. H. 293.

*W. & H. Heywood* and *Fletcher,* for the plaintiff.

CLARK, J.   The plaintiff's title to the Ewen farm, upon which it is claimed the alleged trespasses were committed by the defendants, is derived as assignee under a mortgage executed January 15, 1870, by Sumner, who was at that time the owner and in possession of the farm.   The defendants claim that the acts complained of were done under a license in writing, and under seal, executed by Sumner, January 28, 1870, and recorded May 5, 1876, in which Sumner agreed, for the consideration of one dollar, to convey to the defendants any land that might be required and taken for the extension and construction of the defendants' railroad through any of his lands in the towns of Dalton and Lancaster.   The acts complained of were committed while Sumner was in possession of the farm.   The plaintiff took actual possession of the premises under the mortgage, April 15, 1876.   Can the plaintiff's action be maintained ?

The license from Sumner to the defendants was subsequent to the mortgage under which the plaintiff derives his title.   Sumner could convey no greater rights to the defendants than he himself possessed as mortgageor, and the rights of the mortgagee were in no way affected by the license.   If Sumner, as mortgageor, had the right to do the acts complained of, he could convey that right to the defendants.   If they were of such a character as would render the mortgageor liable to an action by the mortgagee, the defendants cannot justify under any authority derived from the mortgageor.

The injury complained of in this case is to the freehold, and not to the possession merely; and for any injury to the freehold by strip or waste, the mortgageor is liable to the mortgagee. Jones Mort., *s.* 687. The license from Sumner to the defendants, therefore, affords no justification of the acts complained of, because Sumner, as mortgageor, had no authority to grant the right he attempted to convey.

A mortgagee has the right to the whole mortgaged premises as security for his debt; and when the mortgaged property has been wholly or in part turned into money, or a claim for money in any way, by the taking of the property for a public use, the mortgagee is entitled to have the money, in place of the land, applied to the payment of his claim. Jones Mort., *ss.* 707, 708. When a street is laid out through land subject to a mortgage, although the damages are assessed to the mortgageor, the mortgagee is entitled to them as an equivalent for the land taken for the street. *Astor* v. *Hoyt*, 5 Wend. 603.

It is settled upon authority that a mortgagee, after he has entered and taken actual possession under his mortgage, may maintain trespass for any injury done to the freehold while the mortgageor was in possession. The possession of the mortgageor is not adverse to the possession of the mortgagee. The effect of the mortgage is to vest the legal estate at once in the mortgagee, and the right of possession also immediately passes, unless the mortgageor by stipulation retains the right of possession until condition broken; and in this case, after condition broken, the right of possession immediately accrues to the mortgagee. As an incident to the right of possession, follows the right to sue in trespass for any injury to the freehold by strip or waste; and when the mortgagee has taken actual possession under his mortgage, the law supposes the freehold all along to have continued in him. Jones Mort., *s.* 687; *Pettengill* v. *Evans*, 5 N. H. 54; *Smith* v. *Moore*, 11 N. H. 55. It is not necessary to consider whether this action could have been maintained if the plaintiff had not taken possession. And the plaintiff can maintain this action, although, at the time of the commission of the alleged trespasses, he was second mortgagee, the prior mortgage to Rix having been discharged before the commencement of this suit. *Sanders* v. *Reed*, 12 N. H. 558.

The defendants attempt to justify under a contract with Sumner, the mortgageor, and not under any legal proceedings condemning the land for a public use; and therefore the cases of *Parish* v. *Gilmanton*, 11 N. H. 293, and *Gurnsey* v. *Edwards*, 26 N. H. 224, are not applicable to this case.

*Case discharged.*

SMITH, J., did not sit: the others concurred.